THOMAS, Justice.
The appellant has appealed from a summary judgment entered in favor of the ap-pellee, administrator with the will annexed of the estate of Algernon Blair.
The testator contracted with the appellant to construct houses in a project known as Eglin Village. The contract, so it was alleged, contained the general conditions compiled by the American Institute of Architects as well as “FHA Supplementary General Conditions.” It was alleged that certain defects in construction arising from faulty material or workmanship appeared within one year of substantial completion of the contract and required correction; that the contractor failed to remedy them; and that the reasonable cost of the repairs was $8,689.75. Claim was filed against the estate and the appellee objected to it, so this suit followed. A copy of the Supplementary General Conditions of Federal Housing Administration was made a part of the complaint, and the pertinent conditions prescribed by the American Institute of Architects were incorporated by amendment.
The defendant, now appellee, denied that any defects mentioned in the complaint were due to faulty material or workmanship or were ones the contractor was obligated to correct. As an affirmative defense, the appellee cited provisions in the Supplementary General Conditions of the Federal Housing Administration that the Administration should have the right to interpret the “Contract Documents and to determine compliance therewith,” and that all “items of construction and the exercise of any option, alternate or equivalent permitted by the Contract Documents, whether or not subject to approval by the Architect, shall be subject to prior approval and final acceptance by the FHA.” The appellee, in its affirmative defense, asserted that in accordance with these provisions the appellant submitted to F.H.A. the items upon which this suit was based for decision of the question whether they were defects resulting from faulty materials or workmanship appearing within one year after substantial completion, and F.H.A. determined that all the defects related to maintenance and none was the result of defective materials or poor workmanship.
The appellee later moved for summary judgment on the ground that it appeared from the pleadings, the deposition of the resident manager of Eglin Village, and the exhibits that no notice of defects was given to the contractor as was required by Article 21 of the “General Conditions” of the American Institute of Architects. The movant asserted that there was, therefore, no genuine issue of fact and, being none, the judge should dispose of the litigation on matters of law. The circuit judge after considering additional affidavits on the issue of waiver of the notice requirements in the contract, agreed and this appeal followed.
By Article 20 of the “General Conditions” of the American Institute of Architects the contractor was obligated to remedy defects appearing within one year after substantial completion of the work and the owner was required to “give notice of observed defects with reasonable promptness.”
Article 21, to which we have earlier referred carried the provision that if the contractor failed to prosecute the work properly or to meet his obligations under the contract, the owner, “after three days’ written *273 notice to the Contractor” could correct deficiencies and deduct the cost from future payments, but this right of the owner was conditioned on approval by the architect both of the action and the amount of the charge.
The architect’s decision was subject to arbitration and it was agreed that the decision of arbitrators should be a “condition precedent to any right of legal action that either party [might] have against the other.” There is no need to explore this point further because there was no notice as a basis for decision of the architect, consequently there was no occasion for arbitration.
The appellant admits the failure to give notice and with admirable candor says that there is no genuine issue of fact as to that element, but he argues that there is a question of fact as to whether or not the contractor by suggesting that a different procedure be followed or by failing to object to the method of correction of defects by the appellant with the knowledge of the contractor’s superintendent waived the requirement of Article 21, and became es-topped.
How this issue could be said to have been introduced in the case, we do not understand. In the complaint the appellant ignored the provision of the agreement with reference to notice. The appellee moved to dismiss on the ground, among others, that there was no allegation in the complaint that notice was given. The appellant resisted the motion and prevailed at that hearing. Parenthetically, the appellee has filed a cross-assignment challenging the propriety of this ruling but we will not discuss and decide it because we think the ultimate decision was correct.
Considering together the stipulation in Article 21 with reference to notice and the decision of Federal Housing Administration, permitted under the F.H.A. Supplementary General Conditions, that the items related to maintenance and not construction, we conclude that the basic facts were not in doubt and that no relevant issue required the taking of testimony.
It was plain that notice should be given before defects could be corrected by the appellant and equally plain that the appellant could proceed only if that action was approved by the architect and that the eventual charge would be valid only when it, too, had the architect’s sanction. Even had these requirements been observed, the obstacle or interpretation by the F.H.A. against the appellant would remain. We have found nothing in the record to substantiate the assertion of waiver or estop-pel. There was no occasion for trial by a jury.
The judgment is affirmed.
DREW, C. ]'., ROBERTS, J„ and PATTERSON, Associate Justice, concur.